UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL SCHARRINGHAUSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF TRINITY; SGT. CHRISTOPHER COMPTON; CPL. OMAR BROWN; CPL. RON HANOVER; SGT. MIKE RIST (All Officers serving on the Trinity County Narcotics Task Force); ERIC HERYFORD; and DOES 1 through 50,<br><br>        Defendants. | No.  2:15-cv-00965-JAM-CMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

    In the Complaint (Doc. #1), Plaintiff Robert Michael Scharringhausen ("Plaintiff") alleges two causes of action against Defendants County of Trinity ("the County"); Trinity County District Attorney, Eric Heryford ("Heryford"); and Trinity County Sheriff's Deputies Christopher Compton ("Compton"), Omar Brown ("Brown"), Ron Hanover ("Hanover"), and Mike Rist ("Rist") (collectively "the Deputies").  The County, Heryford and the Deputies (collectively "Defendants") now move to dismiss (Doc.

1

1  #8) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

3        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND
4        Plaintiff brings the first cause of action against all
5  Defendants.  Comp. ¶ 14.  In it, Plaintiff alleges that the
6  Deputies conducted a raid on his property, during which they
7  confiscated documents that included privileged communications
8  between Plaintiff and his attorney.  Id. ¶ 10.  These documents
9  were copied and disseminated to "prosecutorial agencies" without
10 any independent review and at the behest of Heryford.  Id.  The
11 claim alleges a violation of Plaintiff's attorney-client
12 privilege leading to an unlawful deprivation of "his rights in
13 subsequent criminal defense issues and to his access to the
14 Courts," and violations of his rights under the Sixth and
15 Fourteenth Amendments.  Id. ¶¶ 11-14.
16      The second cause of action is brought against the Deputies
17 and alleges that they provided knowingly "false and malicious
18 information" regarding Plaintiff's use of various aliases and his
19 connection to several criminal convictions associated with those
20 aliases.  Comp. ¶ 16.  This information was subsequently used to
21 increase Plaintiff's bail and to prevent him from being released.
22 Id.  He alleges the Deputies' conduct therefore "deprived him of
23 his liberty."  Id. ¶ 17.
24 ///
25 ///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 2, 2015.

2

II.   OPINION

A.   Judicial Notice

Defendants request the Court take notice (Doc. #9) of seven exhibits in support of their motion. In his Opposition, Plaintiff argues these documents are not properly noticed at this stage of the litigation. Opp. at p. 9. He also objects to the exhibits as impermissible hearsay.

The Court declines to take notice of Defendants' exhibits. Although the exhibits are public records, they are not necessary for the Court's consideration of the current motion.

B.   Discussion

1.   Municipal Liability

Defendants first challenge Plaintiff's claims against the County. MTD at pp. 5-6. They argue the claim is improperly premised on a respondeat superior theory of liability as the Complaint makes no allegations regarding an official policy or custom of the County.

In his Opposition, Plaintiff recites case law regarding the imposition of liability on a municipal defendant, but does not directly address Defendants' arguments or point to any support in the Complaint for a claim based on Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978). Opp. at p. 2.

To properly state a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202,

1216 (9th Cir. 2011)).  "A Monell claim may be stated under three theories of municipal liability: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." Sants v. Seipert, No. 2:15-CV-00355-KJM, 2015 WL 5173075, at *4 (E.D. Cal. 2015) (citing Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010)).

    The Complaint is devoid of allegations supporting any of these theories of Monell liability.  As pointed out by Defendants, the only connection the County had to the underlying conduct was that it employed the Deputies.  The County cannot be held liable pursuant to §1983 based upon a respondeat superior theory.  See Sants, 2015 WL 5173075, at *3.  Defendants' Motion to Dismiss is granted as to Plaintiff's claims against the County.  Furthermore, to the extent Plaintiff seeks to impose Monell liability through the claims against the individual Defendants in their *official* capacities, they are dismissed on the same grounds.  See Sanchez v. City of Fresno, 914 F. Supp. 2d 1079, 1114 (E.D. Cal. 2012) ("Official capacity suits generally represent only another way of pleading an action against the entity that employs the agent.")

    Dismissal under Rule 12(b)(6) with prejudice and without leave to amend is appropriate "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Navarro v. Block, 250

4

F.3d 729, 732 (9th Cir. 2001) (citations and internal quotation marks omitted).  Because the Court is not certain that Plaintiff cannot properly plead a <u>Monell</u> claim, any municipal liability claims are dismissed with leave to amend.

### 2. First Cause of Action

Plaintiff's first cause of action is based on the alleged seizure and dissemination of documents protected by the attorney-client privilege.  Comp. ¶¶ 10-14; Opp. at p. 9.

The Ninth Circuit has discussed the constitutional nature of the attorney-client privilege:

> Standing alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right.  <u>See</u> <u>Maness v. Meyers</u>, 419 U.S. 449, 466 n. 15 (1975); <u>Beckler v. Superior Court</u>, 568 F.2d 661, 662 (9th Cir. 1978).  In some situations, however, government interference with the confidential relationship between a defendant and his counsel may implicate Sixth Amendment rights.  <u>See, e.g.</u>, <u>Weatherford v. Bursey</u>, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Such an intrusion violates the Sixth Amendment only when it **substantially prejudices** the defendant.  <u>United States v. Irwin</u>, 612 F.2d 1182, 1186-87 (9th Cir. 1980); <u>see</u> <u>United States v. Glover</u>, 596 F.2d 857, 863-64 (9th Cir.), cert. denied, 444 U.S. 860 (1979).

<u>Clutchette v. Rushen</u>, 770 F.2d 1469, 1471 (9th Cir. 1985) (emphasis added).

Defendants contend there are no allegations in the Complaint that the alleged conduct interfered with Plaintiff's relationship with his counsel or resulted in "*substantial* prejudice."  MTD at p. 9. Defendants are correct.

The Complaint fails to properly allege that Plaintiff was substantially prejudiced by the seizure and dissemination of the documents.  The alleged conduct in and of itself does not establish a constitutional violation cognizable under §1983.  Nor

1 do Plaintiff's conclusory allegations that his rights were
2 violated establish the necessary element of prejudice.  The Court
3 therefore dismisses the first cause of action but does so with
4 leave to amend.

### 3. Prosecutorial Immunity

6 Because the only claim brought against Heryford has been
7 dismissed, the Court need not and does not address Defendants'
8 arguments regarding prosecutorial immunity.

### 4. Second Cause of Action

10 Defendants contend Plaintiff's second cause of action should
11 be dismissed because it fails to assert a viable claim regarding
12 Plaintiff's bail and confinement in jail.  MTD at p. 10-11.

13 It is unclear from the face of the Complaint exactly what is
14 the basis for Plaintiff's second cause of action.  The Court
15 adopts the plausible interpretation utilized by Defendants in
16 their Motion that Plaintiff is attempting to allege a claim for
17 violation of the Eighth Amendment's prohibition on excessive
18 bail, despite the Complaint completely failing to reference the
19 Eighth Amendment.  Plaintiff does nothing to resolve the mystery
20 in his Opposition, as he fails to address Defendants' arguments
21 and includes only one sentence referencing this second cause of
22 action.  Opp. at p. 9.

23 The Complaint alleges that the Deputies fabricated previous
24 convictions in order to deny Plaintiff bail.  Comp. ¶¶ 16, 18.
25 However, in California, judicial officers are vested with the
26 exclusive authority to enhance or reduce bail, not law
27 enforcement.  See Cal. Penal Code § 1269c.  In order to state a
28 claim against the Deputies, Plaintiff must establish that their

conduct caused the constitutional violation. "Pursuant to traditional tort law principles of causation, which we apply to § 1983 claims, . . . a judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision . . . ." Galen v. Cnty. of Los Angeles, 477 F.3d 652, 663-64 (9th Cir. 2007). The Deputies can only be held liable under Plaintiff's theory "if they prevented the [judicial officer] from exercising his independent judgment." Id. The Ninth Circuit has held that such a claim requires two key elements: (1) that law enforcement "deliberately or recklessly misled" the judicial officer; and (2) that the plaintiff's bail "would not have been unconstitutionally excessive but for the officers' misrepresentations." Id. The Complaint does not include any factual allegations that the bail was in fact constitutionally "excessive" or that it would not have been set at that level *but for* the Deputies' misrepresentations. Rather, it simply makes conclusory and vague allegations that the fabrications were used "to increase Plaintiff's bail" and therefore his rights were violated. Comp. ¶¶ 16-18. Plaintiff's second cause of action fails to state a claim for relief and is dismissed.

It is not clear to the Court that amendment of this claim would be futile, and therefore grants Plaintiff leave to amend. However, as to this claim, and any other claim which the Court is granting leave to amend, Plaintiff is "admonished that failure to cure the defects identified in this Order will be grounds for dismissal without further leave to amend." See Dick v. Am. Home

7

Mortgage Servicing, Inc., CIV. 2:13-00201 WBS, 2013 WL 5299180, at *6 (E.D. Cal. 2013).

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss WITH LEAVE TO AMEND.  Plaintiff's First Amended Complaint must be filed within twenty (20) days from the date of this Order.  Defendants' responsive pleading is due within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated:   October 9, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE