UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL SCHARRINGHAUSEN,<br><br>            Plaintiff,<br><br>     v.<br><br>COUNTY OF TRINITY; SGT. CHRISTOPHER COMPTON; CPL. OMAR BROWN; CPL. RON HANOVER; SGT. MIKE RIST (All Officers Serving on the Trinity County Narcotics Task Force); TRINITY COUNTY DISTRICT ATTORNEY, ERIC HERYFORD; and DOES 1 through 50,<br><br>            Defendants. | No.  2:15-cv-00965-JAM-CMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Defendants County of Trinity ("County"), Trinity County District Attorney Eric Heryford ("Heryford"), and Trinity County Sheriff's Deputies Christopher Compton, Omar Brown, Ron Hanover, and Mike Rist (collectively "Deputies") bring this motion to dismiss plaintiff Robert Michael Scharringhausen's ("Plaintiff") first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  For the reasons stated below, the Court grants the motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 21, 2013.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On September 11, 2014, Plaintiff was arrested for the alleged cultivation and possession of marijuana for sale. FAC ¶ 15. Plaintiff was confined to Trinity County Jail from September 11, 2014, to October 12, 2014. Id. ¶ 13.

Following arrest, Defendants allegedly concocted false felony convictions of Plaintiff for the manufacture of narcotics, attempted homicide, and assault. Id. ¶ 16. Defendants allegedly knew this false information would "mislead a magistrate into allowing a no-bail or ordering a new no-bail situation of confinement of the Plaintiff." Id. Plaintiff also alleges that Defendants intentionally suppressed and hid evidence of Plaintiff's innocence. Id. ¶¶ 18-19. The false accusations and hidden evidence caused Plaintiff to be denied bail, and Plaintiff was ultimately incarcerated for 31 days. Id. ¶¶ 17, 19.

Plaintiff's initial complaint was dismissed with leave to amend (Doc. #16). Plaintiff then filed the FAC, which included the following three causes of action: (1) "Conspiracy to violate Plaintiff's civil rights by Defendants, cognizable under 42 U.S.C. § 1988," (2) "The right to privacy under federal common law and under California Constitutional Article 1, Section 1," and (3) Monell – 42 USC § 1983." Defendants now move to dismiss the entire FAC (Doc. #22). Plaintiff opposes dismissal (Doc. #24).

II.   OPINION

A.   Judicial Notice

Defendants seek judicial notice pursuant to Federal Rule of Evidence 201 of seven documents: (1) September 11, 2014 Search

1  Warrant and Affidavit from Trinity County Case No. 14-00973
2  (Exh. A); (2) September 11, 2014 Trinity County Booking Report
3  No. 2014090024 (Exh. B); (3) September 14, 2014 Probable Cause
4  Declaration in Trinity County Case No. 2014-00973 (Exh. C);
5  (4) September 15, 2014 Complaint-Felony in Trinity County Case
6  No. 14F174A (Exh. D); (5) September 15, 2014 arraignment minutes
7  from Trinity County Case No. 14F174A (Exh. E); (6) Erik
8  McDaniel's Request for Informal Discovery in Trinity County Case
9  No. 14F174 (Exh. F); and (7) Plaintiff's Request for Discovery
10 in Trinity County Case No. 14F174 (Exh. G).
11     Plaintiff seeks judicial notice of the Amended Complaint
12 filed by Defendants on September 26, 2014, which Plaintiff
13 apparently intended to attach as Exhibit 1.  Opp. at 8.
14 However, Plaintiff failed to attach any exhibits.
15     A court may take judicial notice of a fact that is not
16 reasonably disputed if it "can be accurately and readily
17 determined from sources whose accuracy cannot reasonably be
18 questioned." Fed. R. Evid. 201(b)(2).  On a motion to dismiss,
19 courts are allowed to consider "matters of public record."
20 Northstar Fin. Advisors Inc. v. Schwab Investments, 779 F.3d
21 1036, 1042 (9th Cir. 2015).
22     Exhibits A and E are the only documents the Court has
23 relied upon in its analysis.  Plaintiff alleges that the
24 statement of probable cause in Exhibit A is hearsay and is
25 irrelevant to this case.  Opp. at 7.  The Court has not
26 considered the statement of probable cause in Exhibit A.
27 Instead, the Court has only considered the first two pages of
28 Exhibit A, which are part the public record and are not subject

3

to reasonable dispute.  As for Exhibit E, Plaintiff did not formally object to taking judicial notice of Exhibit E.  Opp. at 8.  Just like Exhibit A, Exhibit E is part of the public record and is not subject to reasonable dispute.  As such, the Court takes judicial notice of Exhibits A and E.  Since the Court's analysis does not incorporate any of the remaining exhibits, the Court need not take judicial notice of them.

    B.    Analysis

        1.    Constitutional Violations

Plaintiff's first cause of action alleges that Defendants violated 42 U.S.C. § 1983 ("Section 1983") by conspiring to deprive Plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures and his Eighth Amendment right to receive non-excessive bail.  FAC ¶¶ 24-25.

            a.    Fourth Amendment

With respect to the Fourth Amendment claim, Plaintiff alleges that Defendants deprived Plaintiff of his right "to be free from unreasonable arrest and seizure."  FAC ¶ 24.  Defendants move to dismiss this claim because the allegation is conclusory and because the search of Plaintiff's property was lawfully conducted pursuant to a valid search warrant.  Mot. at 6-7.  Plaintiff does not address either argument in his opposition.

Plaintiff's Fourth Amendment allegations in the first cause of action are in fact conclusory.  The only factual allegation made in support of the legal conclusion that Defendants deprived Plaintiff of his right "to be free from unreasonable arrest and seizure" is that Deputies "conducted a raid" on his property.

4

FAC ¶¶ 14, 24.  This conclusory allegation by itself does not meet the plausibility standard for pleading a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Moreover, Plaintiff did not address Defendants' argument that the search was conducted pursuant to a valid warrant. Defendants' Exh. A.  The Court thus grants the motion to dismiss the Fourth Amendment claims in the First Cause of Action.

                b.    Eighth Amendment

Plaintiff argues that Defendants violated his Eighth Amendment right to receive non-excessive bail by intentionally suppressing and hiding evidence of Plaintiff's innocence and by falsifying previous criminal convictions.  FAC ¶¶ 18-19.  The false accusations and hidden evidence allegedly caused Plaintiff to be denied bail.  Id. ¶ 17.  Defendants move to dismiss this claim for three reasons: (1) bail was offered in the amount of $300,000; (2) there is no allegation that the bail was unconstitutionally excessive or that the defendants overcame the freewill of the judge who determined bail; and (3) bail was determined based upon a complaint and booking report that contained no false convictions.  Mot. at 5.  In opposition, Plaintiff argues that the false convictions were included in an amended complaint filed on September 26, 2014, and that the September 26 complaint "led directly to Plaintiff's status as a no-bail or increased bail defendant."  Opp. at 6.  Plaintiff fails to address Defendants' two other arguments.

A claim for the violation of one's right to non-excessive bail requires alleging and proving two elements: (1) that law enforcement "deliberately or recklessly misled" the judicial

5

officer; and (2) that the plaintiff's bail "would not have been unconstitutionally excessive but for the officers' misrepresentations." Galen v. Cnty. of Los Angeles, 477 F.3d 652, 663-64 (9th Cir. 2007).

The FAC contains a sufficient allegation that Deputies deliberately misled the magistrate. FAC ¶ 16. However, the FAC fails to allege that bail was set in a constitutionally excessive amount, that bail would not have been set at its level but for the Deputies' alleged misrepresentations, or that Deputies' false accusations actually prevented the magistrate from exercising her independent judgment. Plaintiff concedes that the false convictions were not included in the first criminal complaint on September 15, 2014, but argues that the accusations were included in the September 26, 2014, amended criminal complaint. Opp. at 6. Yet bail was determined on September 15, 2014. Defendants' Exh. E. Thus, the magistrate could not have considered the allegedly false out-of-state convictions, and Plaintiff does not allege facts demonstrating that the bail was changed or modified after the filing of this amended criminal complaint.

The Court therefore grants the motion to dismiss the Eighth Amendment claims brought under the First Cause of Action.

2.   Right to Privacy

Plaintiff alleges that his right to privacy was violated when Defendants "exceeded the scope of the search warrant by confiscating Plaintiff's private papers and communications between Plaintiff and his attorneys" and "transmitted those documents to agencies and prosecutorial persons in San Diego

6

County." FAC ¶¶ 32-33.  Plaintiff's privacy claim is allegedly based upon the California Constitution and federal common law. Id. at 7.  Defendants seek to dismiss this cause of action because Plaintiff did not plead compliance with the California Government Claims Act and because there was no constitutional violation of privacy.  Mot. at 7-10.

### a. California Privacy Claim

To the extent this cause of action arises under California law, Plaintiff must have presented his claim to the relevant public entity pursuant to California Government Code sections 911.2 and 945.4.  Plaintiff concedes that he did not plead compliance with the Government Claims Act.  "Failure to timely present a claim . . . to a public entity bars a plaintiff from filing a lawsuit against that entity."  City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (2007).  Thus, the Court grants the motion to dismiss the state law privacy cause of action.

### b. Federal Privacy Claim

With respect to Plaintiff's claim that the search and seizure of his confidential documents violated his federal common law right to privacy, the Court must make two inquiries: "(1) in what items does [Plaintiff] assert a legitimate expectation of privacy; and (2) as to each such item, did a Fourth Amendment violation occur (i.e., does the item fall within the scope of the warrant)."  DeMassa v. Nunez, 770 F.2d 1505, 1508 (9th Cir. 1985).

Defendants seek dismissal of this cause of action on the basis that Plaintiff fails to identify the purported attorney-

7

1  client communications that were improperly seized and that there
2  was no Fourth Amendment violation.  Mot. at 9-10.  In
3  opposition, Plaintiff alleges that "Defendants make no claim
4  that the warrant covered copies of the attorney/client files in
5  the possession of the Plaintiff."  Opp. at 4.

6      A person has a legitimate expectation of privacy in their
7  client files.  DeMassa, 770 F.2d at 1508.  Since Plaintiff
8  alleged that "Defendants confiscated Plaintiff's private papers
9  and communications between Plaintiff and his attorneys,"
10 Plaintiff adequately alleged that he had a legitimate
11 expectation of privacy in any documents seized by Defendants
12 that were part of his client file.

13     However, Plaintiff failed to allege a plausible Fourth
14 Amendment violation.  Plaintiff simply states that Defendants
15 "had in their possession all of the documents in which Plaintiff
16 communicated and received communication from his lawyers."  FAC
17 ¶ 33.  This allegation does not identify which items were seized
18 in violation of the Fourth Amendment, thereby failing to place
19 Defendants on notice as to the scope of Plaintiff's claims.
20 Additionally, the allegations fail to plausibly describe how the
21 seizure violated the Fourth Amendment given that the search
22 warrant clearly permitted the search and seizure of "records of
23 sales" including "diaries" and "ledgers and notes."  Defendants'
24 Exh. A.  As such, the Court grants Defendants' motion to dismiss
25 Plaintiff's Second Cause of Action.

26          3.   Monell Liability
27     Plaintiff's third cause of action alleges that "high-
28 ranking County of Trinity officials" knew of the Deputies' acts

8

of misconduct and approved and authorized "the continuing pattern and practice of misconduct and/or civil rights violations." FAC ¶¶ 36-37. Defendants move to dismiss this cause of action because Plaintiff's allegations of a "grand conspiracy" are conclusory and there were no constitutional violations. Mot. at 13-14. Plaintiff's opposition does not directly address these arguments; instead, Plaintiff argues that "Municipalities are not protected by a good faith defense." Opp. at 8.

To properly state a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). Plaintiff cannot make conclusory allegations and must demonstrate that the claims for relief are plausible. Twombly, 550 U.S. at 555-56.

The Court agrees with Defendants that Plaintiff's allegations are conclusory. Plaintiff merely alleges that "high-ranking police supervisors . . . knew or reasonably should have known about repeated acts of misconduct," that they "approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct," and that they "encouraged [Deputies] to continue their course of conduct." FAC ¶¶ 37-39. These allegations do not identify any underlying facts as to how these high-ranking officials engaged in this "cover up." The allegations do not provide Defendants with sufficient notice as to what specific

conduct gave rise to their Monell liability. And the FAC as a whole fails to allege a plausible cause of action under Monell. Thus, the Court grants Defendants' motion to dismiss the third cause of action.[2]

C. Leave to Amend

The Court previously granted Defendants' first motion to dismiss with leave to amend with the admonishment that "failure to cure the defects identified in this Order will be grounds for dismissal without further leave to amend." Order (Doc. #16) at 7 (citing Dick v. Am. Home Mortgage Servicing, Inc., CIV. 2:13-00201 WBS, 2013 WL 5299180 at *6 (E.D. Cal. 2013)). Since Plaintiff has failed to cure the defects in its FAC, and any further attempt to amend would be futile, the Court grants the motion to dismiss with prejudice.

III. ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: March 17, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] Defendants also raise immunity defenses in support of their motion to dismiss. The Court need not reach this issue in light of its decision to grant the motion herein on other grounds.